IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **DEVONTA CURRY,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:23-cv-01074-STA-jay |
| ) | |
| **STATE OF TENNESSEE** ) | |
| ) | |
| Respondent. ) | |
| ) | |

**ORDER DIRECTING CLERK TO MODIFY THE DOCKET,
DIRECTING RESPONDENT TO FILE RECORD AND RESPOND TO AMENDED
PETITION UNDER 28 U.S.C. § 2254, AND DENYING MOTION TO AMEND AS MOOT**

On April 28, 2023, Petitioner Devonta Curry, Tennessee Department of Correction prisoner number 602832, an inmate at the Morgan County Correctional Complex ("MCCX") in Wartburg, Tennessee, filed a *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.[1] (ECF No. 1.) The Court granted Petitioner leave to proceed *in forma pauperis*. (ECF No. 7.) On November 6, 2023, Petitioner filed a motion for leave to amend his § 2254 petition. (ECF No. 9.) Petitioner filed his amended § 2254 petition on December 4, 2023, without a ruling on his motion from this Court. (ECF No. 10.) As such, his motion for leave to amend (ECF No. 9) is **DENIED** as moot.

---

[1] The Clerk is **DIRECTED** to modify the docket to record Respondent as Shawn Phillips, the Warden at MCCX. *See* Habeas Rule 2(a) (providing that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]"). The Clerk is further **DIRECTED** to terminate Respondent State of Tennessee, who is not a proper party to this action. *See* Fed. R. Civ. P. 25(d); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (explaining that "in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official").

It is **ORDERED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), that Respondent file a response/answer to the amended § 2254 petition no later than 28 days from the entry of this Order. The answer shall include the complete state-court record, organized and appropriately indexed, as required by Administrative Order 16-31. *See* 28 U.S.C. § 2254(b)(1).[2] The answer shall at a minimum, address the timeliness of the amended § 2254 petition, state whether each claim was exhausted, in whole or in part, in state court and shall assert appropriate procedural defenses, if any, for each claim. When only a portion of a claim has been exhausted in state court, the answer shall specify the aspects of the claim that were exhausted and the aspects of the claim that are subject to procedural defenses. When a merits analysis is appropriate, the answer shall: (1) cite the state court ruling for an exhausted claim; (2) identify the clearly established Supreme Court precedent governing the claim; and (3) respond to the petitioner's argument that he is entitled to habeas relief on the claim with appropriately reasoned legal and factual argument.

Pursuant to Habeas Rule 5(e), Petitioner may, if he chooses, submit a reply to Respondent's answer or response within 28 days of service. Petitioner may request an extension of time to reply if his motion is filed on or before the due date of his reply. The Court will address the merits of the amended § 2254 petition, or of any motion filed by Respondent, after the expiration of Petitioner's time to reply, as extended.

---

[2] The party filing a document has the burden of ensuring the proper protection of sensitive information and taking measures to seal such information where appropriate. *See* Electronic Case Filing Attorney User Manual for the United States District Court, Western District of Tennessee, Section I.A.13; *see also* Electronic Case Filing Policies and Procedures Manual for the United States District Court Western District of Tennessee, Section 8 Sealed Documents, https://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf (last visited May 1, 2024).

It is **ORDERED** that the Clerk send a copy of the amended petition (ECF No. 10) and this Order to Respondent and the Tennessee Attorney General and Reporter by certified mail. *See* Habeas Rule 4.

It is **ORDERED** that the Clerk mail the parties the form for Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (AO 85).

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: May 1, 2024