IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| **DEVONTA CURRY,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-01074-STA-jay |
| | ) | |
| **SHAWN PHILLIPS,** | ) | |
| | ) | |
| Respondent. | ) | |

---

**ORDER DIRECTING CLERK TO MODIFY DOCKET;
GRANTING MOTION TO DISMISS (ECF NO. 16);
DISMISSING WITH PREJUDICE THE PETITION (ECF NO. 1) AND AMENDED
PETITION (ECF NO. 10) PURSUANT TO 28 U.S.C. § 2254;
DENYING A CERTIFICATE OF APPEALABILITY;
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH;
AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

---

On April 24, 2023[1], Petitioner Devonta Curry[2] filed a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (ECF No. 1, "§ 2254 Petition", at PageID 13.) On July 14, 2023, the Court granted Petitioner leave to proceed *in forma pauperis*. (ECF No.

---

[1] Under the "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 270 (1988), and the Sixth Circuit's subsequent extension of that rule in *Richard v. Ray*, 290 F.3d 810, 812 (6th Cir. 2002) and *Scott v. Evans*, 116 F. App'x 699, 701 (6th Cir. 2004), a prisoner's legal mail is considered "filed" when he deposits his mail in the prison mail system to be forwarded to the Clerk of Court via first-class, postage-prepaid mail. (*See* ECF No. 1 at PageID 13 (Petitioner's signature page to the § 2254 Petition, dated April 24, 2023); ECF No. 1-1 at PageID 15 (April 26, 2023 first-class, postage-prepaid postmark on the mailing envelope of the § 2254 Petition).)

[2] When Petitioner filed the § 2254 Petition, he was confined at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee under Tennessee Department of Correction ("TDOC") inmate number 602832. (ECF No. 1 at PageID 1; ECF No. 1-1 at PageID 15.) According to the TDOC Felony Offender Information website, Petitioner is presently confined at the Morgan County Correctional Complex ("MCCC") in Wartburg, Tennessee. (*See* https://foil.app.tn.gov/foil/details.jsp (last accessed Feb. 11, 2025).)

7.) On November 21, 2023, Petitioner filed an amended petition under 28 U.S.C. § 2254 (ECF No. 10, "Amended § 2254 Petition", at PageID 43.) On May 1, 2024, the Court ordered the Respondent to file the state court record and a response to the Amended § 2254 Petition (ECF No. 10), which is the operative petition here. (ECF No. 12.) On May 22, 2024, Respondent filed: (1) "portions of the state court record necessary to establish procedural defenses" (ECF No. 15; ECF No. 16 at PageID 351); and (2) a motion (a) to dismiss the § 2254 Petition and the Amended § 2254 Petition as time-barred and procedurally defaulted and (b) to be excused from filing the full state-court record. (ECF No. 16.). On June 3, 2024, Petitioner filed a response to the motion to dismiss [3]: (1) contending generally that the § 2254 Petition is timely; and (2) arguing that the only "proof of procedural default [is] Petitioner not raising issues […] of ineffective assistance of counsel […] in his petition [during post-conviction relief proceedings]." (ECF No. 17 at PageID 367-68.)

For the reasons stated below, the motion to dismiss (ECF No. 16) is **GRANTED** and the § 2254 Petition (ECF No. 1) and Amended § 2254 Petition (ECF No. 10) are **DISMISSED WITH PREJUDICE** as time-barred.

I.   **STATE COURT PROCEDURAL HISTORY**

   **A. Trial**

On July 30, 2018, a Madison County Circuit Court grand jury indicted Petitioner for aggravated burglary, three counts of aggravated robbery, two counts of especially aggravated kidnapping, and possession of a firearm during a dangerous felony. *See State v. Devonta Curry*, No. W2019-00679-CCA-R3-CD, 2020 WL 5587412, at *1 (Tenn. Crim. App. Sept. 17, 2020)

---

[3] Petitioner styled his filing as a "Motion to Target Respondent's Motion To Dismiss The Petition." (ECF No. 17 at PageID 367.) In that filing, Petitioner addresses the Respondent's arguments in the motion to dismiss. Therefore, the Court construes Petitioner's filing (ECF No. 17) as a response to the motion to dismiss. The Clerk is **DIRECTED** to terminate the response (ECF No. 17) as a motion on the docket.

2

("*Curry I*"), *perm. app. denied* (Tenn. June 17, 2021). (*See also* ECF No. 15-2 at PageID 298-307; ECF No. 15-1 at PageID 283.) The charges arose from Petitioner's December 27, 2017 entry into the victim's home, where he, *inter alia*: (1) threatened to kill the victim; (2) threatened the victim's teenage granddaughter and her male teenage friend; (3) took the victim's cell phone; (4) took the granddaughter's video games; and (5) fled the scene in the male teenager's car (the "Incident"). *Curry I*, 2020 WL 5587412, at *1-2. The jury found Petitioner guilty of aggravated burglary (count one); aggravated robbery (counts two, five, and six); especially aggravated kidnapping (counts three and four); and possession of a firearm during the commission of a dangerous felony (count seven). *Curry I*, 2020 WL 5587412, at *1. (*See also* ECF No. 15-1 at PageID 283.)

Following a sentencing hearing, the trial court imposed a five-year term of imprisonment for the aggravated burglary; a concurrent ten-year term of imprisonment for each count of aggravated robbery; a concurrent twenty-year term of imprisonment for each count of especially aggravated kidnapping; and a three-year term of imprisonment for the possession of a firearm during the commission of a dangerous felony, to be served consecutively to the aggravated burglary. *Curry I*, 2020 WL 5587412, at *1. (*See also* ECF No. 15-1 at PageID 283 (Petitioner's brief on direct appeal, referring to the trial court's imposition of sentences on or about February 14, 2019).) The concurrent ten-year term of imprisonment for the aggravated robbery convictions was ordered to be served consecutively to the concurrent twenty-year term of imprisonment for the especially aggravated kidnapping convictions, for an effective sentence of thirty years' imprisonment. *Id*.

### B. Direct Appeal

Petitioner appealed to the Tennessee Court of Criminal Appeals ("TCCA"), challenging the sufficiency of the evidence regarding each of his convictions. He argued that: (1)

3

the State failed to establish his identity as the Incident's perpetrator; and (2) the especially aggravated kidnapping convictions were merely incidental to the aggravated robberies in violation of *State v. White*, 362 S.W.3d 559 (Tenn. 2012).[4] *See Curry I*, 2020 WL 5587412, at *1. Petitioner also appealed the order of consecutive sentencing, arguing that (1) the trial court failed to make sufficient findings of fact in classifying him as a dangerous offender and (2) the trial court failed to apply certain mitigating factors. *Id*. On September 17, 2020, the TCCA affirmed the judgments of the trial court. *Id*. at *1, *7. (*See also* ECF No. 15-2 at PageID 298-307.) On June 17, 2021, the Tennessee Supreme Court denied discretionary review. (ECF No. 15-3 at PageID 308.) Petitioner did not file a petition for a writ of certiorari with the United States Supreme Court. (ECF No. 1 at PageID 2.)

C. **Post-Conviction Relief**

On August 29, 2022, Petitioner filed a *pro se* petition for post-conviction relief ("PCR")[5] in the Madison County Circuit Court, alleging claims of: (1) ineffective assistance of trial counsel

---

[4] In *White*, the Tennessee Supreme Court concluded that a jury instruction failing to ask whether the victim's removal or confinement was essentially incidental to the accompanying felony offense of aggravated robbery did not satisfy the defendant's due process rights, as would allow the defendant to be convicted of both especially aggravated kidnapping and aggravated robbery in prosecution arising out of same incident involving the burglary of a store and the holding of a gun to the head of a store clerk while directing her to open the store's safe. *White*, 362 S.W.3d at 579-81.

[5] Giving Petitioner the benefit of the doubt, the Court construes August 29, 2022, as the date he gave the PCR petition to prison authorities for mailing to the post-conviction trial court. (*See* ECF No. 15-4 at PageID 315-16 (Petitioner's signature page to the PCR petition, attesting that he gave it to prison officials on August 29, 2022).) His PCR petition bears a file-stamp by the post-conviction trial court dated September 6, 2022 (*id*. at PageID 310), suggesting that court received the PCR petition shortly after Petitioner gave it to prison personnel for mailing on August 29, 2022. *See* Tenn. Sup. Ct. R. 28, § 2(G) (codifying the prison mailbox rule in post-conviction cases); *see also Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (recognizing the "relaxed filing standard" under which a prisoner's submission "is deemed filed when it is handed over to prison officials for mailing to the court," and explaining that "[c]ases expand the understanding of this handing-over rule with an assumption that, absent evidence to the contrary, a prisoner does so on the date he or she signed the [filing]").

for (a) "fail[ing] to conduct meaningful investigation," (b) failing to "move to suppress witness' identification," and (c) failing to "challenge the sufficiency of the State's evidence"; and (2) unspecified "newly discovered evidence." (ECF No. 15-4 at PageID 310-35.) In the motion to dismiss, Respondent also considers August 29, 2022, as the date Petitioner filed his PCR petition. (*See* ECF No. 16-1 at PageID 355.)

On December 14, 2022, the post-conviction trial court denied relief, concluding that the PCR petition was: (1) improperly filed, as it was unsigned; (2) untimely; and (3) without merit. (*Id*. at PageID 347-49.) Petitioner did not appeal the post-conviction trial court's decision to the TCCA. (ECF No. 1 at PageID 4.)

## II.   FEDERAL HABEAS CLAIMS

Applying the "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266, and the Sixth Circuit's subsequent extension of that rule in *Richard*, 290 F.3d 810 and *Scott*, 116 F. App'x 699, the plausible inference from the record here -- for purposes of determining the § 2254 Petition's timeliness -- is that Petitioner placed it in the WTSP mail system on April 24, 2023. (*See* ECF No. 1 at PageID 13 (Petitioner's signature page to the § 2254 Petition, alleging that he gave it to prison personnel for mailing to the Court on April 24, 2023); ECF No. 1-1 at PageID 15 (first class, postage-prepaid postmark on the § 2254 Petition, dated "04/26/2023"); ECF No. 1 at PageID 1 (time-stamp of the Clerk of Court, indicating that the § 2254 Petition was received by the Clerk on April 28, 2023).) Accordingly, the Court construes April 24, 2023, as the date Petitioner filed the § 2254 Petition.

The § 2254 Petition alleges three grounds for relief: (1) ineffective assistance of trial counsel for "failing to conduct meaningful investigation […] when all three victims stated on [the] record that they were unaware if [D]efendant was the one that committed the crime and made misidentification at trial" (ECF No. 1 at PageID 5); (2) ineffective assistance of trial counsel for

5

"fail[ing] to challenge the sufficiency of the State's evidence" regarding especially aggravated kidnapping (*id*. at PageID 6); and (3) "leading questions" due to the "D.A. manipulat[ing] the witness into think[ing] his answer was wrong about the liberty to leave" (*id*. at PageID 8 (failing to allege facts about the context of this claim)).

Petitioner filed the Amended § 2254 Petition on November 21, 2023. (*See* ECF No. 10-6 at PageID 257 (Petitioner's signature page to the Amended § 2254 Petition, alleging that he gave it to WTSP personnel for mailing to the Court on November 21, 2023); ECF No. 10-7 at PageID 258 (time-stamp of the Clerk of Court, indicating that the Amended § 2254 Petition was received on December 4, 2023).) The Amended § 2254 Petition raises five claims of deficient performance by trial counsel: (1) failure to "conduct meaningful investigation due to inconsistent statements" (ECF No. 10 at PageID 35); (2) failing to "challenge the sufficiency of the State's evidence and jury instructions on 'kidnapping' which violated Article 1, Section 8 of [the] Tennessee Constitution" (*id*. at PageID 36); (3) failure to "file motion for removal of victims [sic] statement" (*id*. at PageID 37); (4) failure "to raise matter of a two part inquiry for evaluating due process claims involving eyewitness identification" (*id*. at PageID 38); and (5) failure "to object and raise the issue that two victims violated T.C.A. [§] 39-16-503[6] [regarding] […] evidence destruction, tampering or fabrication" (*id*. at PageID 39).

III.   **ANALYSIS**

---

[6] "It is unlawful for any person, knowing that an investigation or official proceeding is pending or in progress, to: (1) Alter, destroy, or conceal any record, document or thing with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding; or (2) Make, present, or use any record, document or thing with knowledge of its falsity and with intent to affect the course or outcome of the investigation or official proceeding." Tenn. Code Ann. § 39-16-503.

6

Respondent contends that "[t]he Petition is untimely and should be dismissed." (ECF No. 16-1 at PageID 359.) He argues that, alternatively, Petitioner's habeas claims are procedurally defaulted. (*Id*. at PageID 362-64.)

### A. **The § 2254 Petition Is Untimely**

There is a one-year statute of limitations for filing a petition for writ of habeas corpus "by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In this case, the running of the limitations period began on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id*. § 2244(d)(1)(A). State convictions ordinarily become "final" when the time expires for filing a petition for a writ of certiorari from a decision of the highest state court on direct appeal. *Pinchon v. Myers*, 615 F.3d 631, 640 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 585 (6th Cir. 2009).

During direct appeal, the Tennessee Supreme Court denied Petitioner's application for discretionary review on June 17, 2021. (ECF No. 15-3 at PageID 308.) Petitioner did not file a petition for a writ of certiorari with the United States Supreme Court. (ECF No. 1 at PageID 2.) Petitioner's conviction became final on Wednesday, September 15, 2021 -- *i.e.*, on expiration of the 90-day period to seek certiorari review by the United States Supreme Court after the Tennessee Supreme Court's denial of discretionary review. *See Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (holding that when a petitioner does not seek certiorari review, judgment becomes final at "expiration of the time for seeking such review"); *see also* Sup. Ct. R. 13.1 (allowing petitioner ninety (90) days from "entry of the judgment or order sought to be reviewed" to file a timely petition for certiorari). AEDPA's one-year limitations period for Petitioner to file a federal habeas petition began running on Thursday, September 16, 2021, and expired on Friday, September 16,

7

2022, unless otherwise tolled. *See* § 2244(d)(1)(A). As explained below, tolling of the habeas limitations period did not occur in Petitioner's case.

The limitations period is tolled while a properly filed state petition for post-conviction or other collateral relief is pending. 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document [and] the time limits upon its delivery." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original).

Here, Petitioner's PCR petition was not properly filed. (*See* ECF No. 15-4 at PageID 347 (conclusion by the post-conviction trial court that Petitioner's "unsigned petition does not satisfy the statute for filing a post-conviction petition and does not meet the requirements of the statute for tolling the one-year statute of limitations").)

First, his PCR petition was untimely. The Tennessee Supreme Court denied discretionary review on June 17, 2021. (ECF No. 15-3 at PageID 308.) Petitioner filed his PCR petition on August 29, 2022 (ECF No. 15-4 at PageID 315) -- after its June 17, 2022 filing deadline under Tenn. S. Ct. R. 4(B) and Tenn. Code Ann. § 40-30-102. (*See* Tenn. S. Ct. R. 28(G) (codifying the prison mailbox rule in PCR cases); Tenn. S. Ct. R. 4(B) ("A petition for post-conviction relief must be filed within the statute of limitations set forth in Tenn. Code Ann. § 40-30-102"); Tenn. Code Ann. § 40-30-102 ("[A] person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred").)

Second, he did not sign his PCR petition (ECF No. 15-4 at PageID 315-16). (*See* Tenn. S. Ct. R. 28, App. A (the petition "must be signed by petitioner under penalty of perjury").)

8

Therefore, his unsigned and untimely PCR petition did not toll the habeas limitations period that expired on September 16, 2022. *See* 28 U.S.C. § 2244(d)(2); *Artuz*, 531 U.S. at 8; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005) ("[W]e hold that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)"). The § 2254 Petition, filed on April 24, 2023 (ECF No. 1 at PageID 13), is untimely by over seven months.

Even if the Court considered Petitioner's PCR petition as properly filed because the post-conviction trial court considered and rejected its merits (ECF No. 15-4 at PageID 348-49), the § 2254 Petition is still time-barred. Petitioner did not appeal to the TCCA the post-conviction trial court's decision denying relief. (ECF No. 1 at PageID 4.) Statutory tolling is unavailable for the time in which a petitioner fails to seek appellate review of denial of his PCR petition. *See Quatrine v. Berghuis*, No. 14-1323, 2016 WL 1457878, at *2 (6th Cir. Apr. 12, 2016) ("[As to] whether the statute of limitations is statutorily tolled for the time during which Quatrine could have appealed the denial of his post-conviction motions for relief from judgment, but did not[,] [t]he answer is no. For purposes of the tolling provision in § 2244(d)(2), 'only a *timely* appeal tolls ... [the] limitations period for the time between the lower court's adverse decision and the filing of a notice of appeal in the higher court.' Because Quatrine did not file a timely appeal, or any appeal at all, of the denial of his motions for relief from judgment, the limitations period was not tolled after the state trial court denied his post-conviction motions") (citing *Evans v. Chavis,* 546 U.S. 189, 197 (2006)); *Taylor v. Palmer*, 623 F. App'x 783, 786 (6th Cir. 2015) ("in light of Supreme Court precedent, […] tolling was not available for the time in which Taylor failed to seek any review of his post-conviction motion for relief") (citing *Carey v. Saffold*, 536 U.S. 214 (2002)). Because

9

Petitioner did not appeal the denial of post-conviction relief, the habeas limitations period was not tolled after the post-conviction trial court denied relief on December 14, 2022.

Petitioner did not deliver the initial § 2254 Petition to WTSP personnel for mailing to the Court until April 24, 2023 -- *i.e.*, over seven months after his habeas limitations period expired on September 16, 2022. (ECF No. 1 at PageID 13.) Thus, the § 2254 Petition is untimely under § 2244(d)(1)[7] and must be dismissed unless Petitioner is entitled to equitable tolling. As explained below, equitable tolling is inapplicable here.

### B. Equitable Tolling Does Not Apply

Section 2244(d)(1)'s one-year statute of limitations is not jurisdictional and is subject to equitable tolling in extraordinary circumstances. *Johnson v. Settles*, No. 1:17-cv-1195, 2018 WL 1788064, at *1 (W.D. Tenn. Apr. 13, 2018) (citing *McClenson v. Sherman*, 329 F.3d 490, 492 (6th Cir. 2003)). "The doctrine of equitable tolling allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks omitted). The § 2244(d)(1) limitations period is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). However, "the doctrine of equitable tolling is used sparingly by federal courts." *Robertson*, 624 F.3d at 784. "The party seeking equitable tolling bears the burden of proving he is entitled to it." *Id.* A habeas petitioner is entitled to equitable tolling "if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also id.* at 653 ("The diligence

---

[7] The Amended § 2254 Petition -- filed over six (6) months after the initial § 2254 Petition -- suffers the same untimeliness defect. (ECF No. 10 at PageID 43.) *See* § 2244(d)(1)(A).

required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence'") (citation and additional internal quotation marks omitted).

Actual innocence, if proved under the standard applied in *Schlup v. Delo*, 513 U.S. 298 (1995), serves as a gateway through which a petitioner may obtain review of his otherwise untimely claims. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To open the gateway, a petitioner must "support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. He must also show that, in light of the new evidence, "it is more likely than not that no reasonable juror would have convicted him." *Id.* at 327. The standard for gateway actual innocence claims is "demanding." *McQuiggin*, 569 U.S. at 386 (quoting *House v. Bell*, 547 U.S. 518, 538 (2006)). "[T]enable actual-innocence gateway pleas are rare." *Id.* at 386, 394–95 (gateway actual innocence "applies to a severely confined category"); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005) ("[T]he actual innocence exception should remain rare and only be applied in the extraordinary case"). "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error.'" *McQuiggin*, 569 U.S. at 401 (quoting *Schlup*, 513 U.S. at 316).

Here, Petitioner relies on his lack of legal training to excuse the § 2254 Petition's untimeliness. (ECF No. 17 at PageID 367-68 ("How should the Court expect a kid fighting criminal charges since 17 years old […] to know every policy and procedur[e]. It's lawyers and people in law schools who do not fully understand").) He does not allege that he pursued his rights diligently. He offers no facts demonstrating that some extraordinary circumstance prohibited a

11

timely filing. He fails to assert a gateway actual innocence claim. He presents no new evidence that was not presented at trial. (*See* ECF No. 17.)

Petitioner's apparent ignorance of the law is insufficient to entitle him to equitable tolling. *See Plummer v. Warren*, 463 F. App'x 501, 506 (6th Cir. 2012) ("[T]he district court correctly concluded that the reasons [the petitioner] actually gave for the delay in filing her petition -- namely her need to find help and inexperience in the law -- are not extraordinary circumstances warranting equitable tolling"), *cert. denied,* 133 S. Ct. 169 (2012); *Moore v. United States,* 438 F. App'x 445, 449 (6th Cir. 2011) ("Ignorance of the law, even by an incarcerated *pro se* prisoner, is not grounds to toll the statute"); *Miller v. Cason,* 49 F. App'x 495, 497 (6th Cir. 2002) ("[The petitioner]'s lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition"); *Brown v. United States,* 20 F. App'x 373, 375 (6th Cir. 2001) ("Ignorance of the limitations period does not toll the limitations period"). Therefore, Petitioner is not entitled to equitable tolling.

Because the § 2254 Petition is untimely and Petitioner is not entitled to equitable tolling, the § 2254 Petition is time-barred. The motion to dismiss (ECF No. 16) is **GRANTED**, and the § 2254 Petition (ECF No. 1) and the Amended § 2254 Petition (ECF No. 10) are **DISMISSED WITH PREJUDICE**. Further, because Respondent's filing of portions of the state court record (ECF No. 15) included those filings from Petitioner's state court proceedings that are pertinent to whether the § 2254 Petition is untimely, Respondent's request to be excused from filing the full state-court record (ECF No. 16-1 at PageID 364-65) is **GRANTED**.

IV.     **APPELLATE ISSUES**

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Bradley v. Birkett*, 156 F. App'x 771, 772 (6th Cir. 2005). The Court must issue or deny a certificate of appealability ("COA")

12

when it enters a final order adverse to a § 2254 petitioner. Rule 11, § 2254 Rules. A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotation marks omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. *Bradley*, 156 F. App'x at 773.

In this case, the § 2254 Petition and the Amended § 2254 Petition are time-barred, and Petitioner is not entitled equitable tolling. Because any appeal by Petitioner on the issues raised in his § 2254 Petition does not deserve attention, the Court **DENIES** a COA.

Federal Rule of Appellate Procedure 24(a)(1) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a) (4)–(5). In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a),

13

that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is **DENIED**.[8]

    **IT IS SO ORDERED.**

                                      **s/ S. Thomas Anderson**
                                      S. THOMAS ANDERSON
                                      UNITED STATES DISTRICT JUDGE

                                      Date:  March 3, 2025.

---

[8] If Petitioner files a notice of appeal, he must pay the full $605.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days of the date of entry of this Order.  *See* Fed. R. App. P. 24(a)(5).